Beverly A. BEUTER, an individual,
Plaintiff—Appellee,

v.

CANYON STATE PROFESSIONAL SERVICES, INC., an Arizona corporation; Ronald Wilson, an individual, Defendants—Appellants,

and

John Does, I–V; Jane Does, I–V, Defendants.

No. 05–16840.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007.*

Filed Dec. 19, 2007.

Deepak Gupta, Esq., Public Citizen Litigation Group, Washington, DC, Richard N. Groves, Law Offices, Phoenix, AZ, for Plaintiff–Appellee.

[Ret.] Jeanne L. Zimmer, Esq., Joseph R. Zamora, Esq., Stephen H. Turner, Esq., Carlson, Messer & Turner LLP, Los Angeles, CA, Mark D. Fullerton, Esq., Martin Hart & Fullerton, Mesa, AZ, for Defendants–Appellants.

Before: ROTH **, THOMAS, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Canyon State Professional Services, Inc. and Ronald Wilson appeal the district

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane Richards Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's grant of summary judgment in favor of Beverly A. Beuter and denial of summary judgment in favor of Canyon State and Wilson. Canyon State and Wilson attempted to collect legal fees from Beuter, on behalf of a creditor, in excess of the amount to which the creditor was legally entitled. The district court held that their actions violated §§ 1692e and 1692f of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692. Without contesting the fact that the creditor was not legally entitled to the extra fees, Canyon State and Wilson argue that the district court erred in granting summary judgment because §§ 1692e and 1692f of the FDCPA both require knowledge or intent and the record below did not establish that Canyon State and Wilson acted with either knowledge or intent.

However, we recently decided *Clark v. Capital Credit Services*, 460 F.3d 1162, 1175–76 (9th Cir.2006), which holds that the FDCPA imposes strict liability on debt collectors. Under *Clark,* Canyon State and Wilson are liable for even unintentional violations of the FDCPA. Because Canyon State and Wilson did not raise the "bona fide error" affirmative defense provided under § 1692k(c) of the FDCPA and do not contest the fact that their actions constituted "unintentional" violations of §§ 1692e and 1692f, the district court's grant of summary judgment in favor of Beuter was entirely proper.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.